**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN COTTLE, | No. 12-16013 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00271-JCM-PAL |
| v. | |
| LAS VEGAS METRO POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Sean Cottle appeals pro se from the district court's judgment in his 42

U.S.C. § 1983 action alleging constitutional violations in connection with his arrest

and detention.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a dismissal under 28 U.S.C. § 1915A(a), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and a determination that a prisoner failed to exhaust administrative remedies under the Prison Litigation Reform Act, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Cottle's claim based on defendant O'Daniel's alleged long-standing dislike and bias against him because Cottle failed to identify a cognizable legal theory that would entitle him to relief on this claim. *See* 28 U.S.C. § 1915A(b)(1); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) ("[D]ismissal for failure to state a claim is 'proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" (citation omitted)).

The district court properly granted summary judgment on Cottle's claims based on defendant O'Daniel's allegedly perjured testimony at his criminal trial because O'Daniel is immune from liability. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) (holding that law enforcement officers are immune from liability even for perjured testimony).

The district court properly concluded that Cottle failed to exhaust administrative remedies with respect to his claims regarding the alleged

12-16013

constitutional violations that occurred while Cottle was detained in the Clark County Detention Center. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010) (futility exception to the administrative exhaustion requirement requires that the inmate establish "that he actually filed a grievance or grievances").

The district court did not abuse its discretion in denying Cottle's request for appointment of counsel because Cottle failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and the exceptional circumstances requirement).

To the extent Cottle contends that the district court erred by failing to address Cottle's claims against the John Doe defendants, this argument is unavailing because Cottle never amended his complaint to name these defendants, nor did he serve them with process. Cottle's contention that the Las Vegas Metropolitan Police department accepted service on behalf of all defendants is unsupported by the record.

We do not consider matters neither developed in the district court nor specifically and distinctly raised and argued in the opening brief. *See Padgett v.*

*Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**